IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 87 CR 938 |
| | ) | |
| TIMOTHY BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Timothy Brown has already served the sentence of incarceration imposed in this case, including additional time for violating the terms of supervised release. He is not currently on supervised release. Brown, though, has not yet paid his restitution obligation in full. Brown is currently incarcerated on unrelated federal charges.

Brown has filed a pleading that he titled a petition for writ of error coram nobis. Brown is not attempting to overturn his conviction or modify his sentence. Instead, he contends that he is no longer required to make restitution payments because the time for collecting such payments has expired. Brown seeks an order that will stop the taking of restitution payments out of his prison account. The government responds that Brown has not set forth a basis for granting coram nobis relief. It also

contends that the grounds raised for stopping the collection of restitution are otherwise without merit.

Coram nobis is an extraordinary writ that was abolished and replaced by Fed. R. Civ. P. 60(b) in civil cases. Petitions in the nature of coram nobis may only be granted under compelling circumstances. United States v. Keane, 852 F.2d 199, 202 (7th Cir. 1988), cert. denied, 490 U.S. 1084 (1989). Relief is limited to the situation where the petitioner is no longer in custody, but still suffering a civil disability unique to criminal convictions. See United States v. Bush, 888 F.2d 1145, 1147-48 (7th Cir. 1989). Clarification as to whether a defendant is still obliged to pay restitution is not an appropriate subject for such relief.[1] See United States v. Lilly, 206 F.3d 756, 763 n.4 (7th Cir. 2000).

Although Brown does not properly state a claim for relief in the nature of coram nobis, the court has jurisdiction to consider his claim for relief. Even after supervised release has expired, this court has jurisdiction to enforce a restitution order. See 18 U.S.C. §§ 3579(h), 3565 (1986).[2] Enforcement of a

---

[1] It is again emphasized that Brown is not challenging the imposition of the restitution itself, only whether the restitution is still subject to being collected. In appropriate circumstances, certain challenges to the imposition of restitution may be cognizable. See United States v. Mischler, 787 F.2d 240 (7th Cir. 1986); Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997).

[2] Defendant has provided a copy of his judgment and conviction which show that he was sentenced on March 29, 1988.

restitution order includes determining whether the restitution is still subject to being collected. This court has jurisdiction to determine whether the United States is acting properly by continuing to collect the restitution.

Citing 18 U.S.C. § 3579(f)(2) (1986), Brown contends that any collection of restitution had to occur within the five-year period specified in that statute. Brown misreads the statute. It does not place a time limit on collecting restitution; it only places a limit on the length of any court-ordered payment plan. United States v. House, 808 F.2d 508, 511 (7th Cir. 1986); United States v. Ridgeway, 489 732, 735-36 (5th Cir. 2007) (applying same provision recodified as 18 U.S.C. § 3663(f)); United States v. Rostoff, 164 F.3d 63, 66 (1st Cir. 1999) (same). Failure to make payments in accordance with any schedule specified by the court makes the payments overdue, not unenforceable or uncollectible. Rostoff, 164 F.3d at 66.

Another provision of the pre-Guidelines version of the restitution statute appears to limit the time period for enforcing restitution judgments. That time period has not yet expired. Section 3579(h) provides that an order of restitution may be enforced in the manner set forth in 18 U.S.C. § 3565

---

The government does not dispute that this is a pre-Guidelines case in which the pre-November 1, 1987 restitution statutes apply. Ordinarily, however, the restitution statue in effect as of the time of sentencing, not the time of the crime, may be applied. United States v. Wells, 177 F.3d 603, 609 (7th Cir. 1999).

- 3 -

(1986) for the collection of fines and penalties. Section 3565(h) provides that the obligation to pay a fine or penalty expires 20 years after the entry of judgment. Assuming this provision applies to Brown's restitution, the 20-year period will expire in less than a year.

In United States v. Cloud, 921 F.2d 225, 226-27 (9th Cir. 1990), the Ninth Circuit held that § 3565(h) does not apply to restitution orders. Cloud, however, does not expressly consider § 3579(h)'s incorporation of § 3565. Also, in Brown's administrative appeal, the Bureau of Prisons referred to a later statute, 18 U.S.C. § 3613,[3] being applicable to Brown. Section 3613(b) currently provides that liability to pay terminates the later of 20 years from the entry of judgment or 20 years after the person is released from imprisonment.[4] Courts have consistently held that § 3613(b) is applicable to restitution

---

[3] Like former § 3565, § 3613 pertains to enforcing fines. Currently, 18 U.S.C. § 3664(m)(1)(A)(i) provides that restitution orders may be enforced in the manner provided in subchapter B of chapter 229 of Title 18. Section 3613 is part of that subchapter. As of 1988, 18 U.S.C. § 3663(h)(1) made 18 U.S.C. § 3613(b) applicable to restitution. See Ridgeway, 489 F.3d at 736-37.

[4] Since measured from the date Brown was released from prison, the current version of § 3613(b) provides for a longer term of enforcement than § 3565(h). As of 1988, however, § 3613(b)(1) did not contain the provision measuring expiration from the date of release. Instead, as of 1988, § 3613(b) was essentially identical to former § 3565(h). Applying the 1988 version to Brown, the ability to enforce the restitution order expires in 2008, 20 years after the entry of his judgment of conviction.

orders. See, e.g., Ridgeway, 489 F.3d at 736-37; United States v. Dubose, 146 F.3d 1141, 1144 (9th Cir.), cert. denied, 525 U.S. 975 (1998); United States v. Berardini, 112 F.3d 606, 611 (2d Cir. 1997); Elwood v. Sanders, 2007 WL 1579990 *4 (E.D. Ark. May 31, 2007). It is unnecessary to determine whether § 3565(h) (1986) (through § 3579(h)); § 3613(b)(1) (1988) (through § 3663(h)); a later version of § 3613(b) (through § 3664(m)(1)(A)(i)); or some other version of the restitution statute applies to Brown. Under any of the three cited statutes, the time for collecting restitution has not yet expired. Therefore, Brown's petition will be denied.

In the event pro se defendant decides to appeal today's judgment, he is advised that he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604. So as to avoid any timeliness issue related to whether the present proceeding is deemed by a reviewing court to be criminal in nature or civil in nature, defendant should file any notice of appeal within ten (10) days of the entry of the judgment in this case. See, e.g., Lilly, 206 F.3d at 760-63.

IT IS THEREFORE ORDERED that defendant's petition [23] is denied. The Clerk of the Court is directed to enter judgment in

favor of the United States and against defendant denying defendant's petition.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: AUGUST 23, 2007